IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

FORREST WILL TROTTER,         )
                              )
         Plaintiff,           )
                              )
vs.                           )    Case No. 04-6009-CV-SJ-ODS
                              )
MIKE KEMNA, et al.,           )
                              )
         Defendants.          )

## ORDER AND OPINION GRANTING DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pending is Defendants' Renewed Motion for Judgment as a Matter of Law. For the following reasons, the motion (Doc. # 97) is granted.

Plaintiff filed this suit in January 2004, asserting various claims following an altercation with another inmate. Some of claims and defendants were disposed of in Orders dated June 3, 2004, and September 9, 2005, leaving only Plaintiff's claims against Kenneth McBee and Danny Harden for deliberate indifference to serious medical needs. The case was tried, but a mistrial was declared on June 1, 2006, because the jury was unable to reach a verdict. Defendants have renewed their Joint Motion for Judgment as a Matter of Law.

The evidence at trial, viewed in the light most favorable to Plaintiff, established Plaintiff was in a physical altercation instigated by another inmate in November 2001. During the altercation, Plaintiff suffered lacerations to his head, face and back caused (apparently) by a homemade knife wielded by the other inmate. At issue in this case is one of the lacerations on Plaintiff's head. The cut was approximately one centimeter in length and was bleeding. Plaintiff advised Defendant Harden he was declaring a "medical emergency," and once the situation was secured Plaintiff was seen by Nurse Karen Weiberg. Nurse Weiberg did not testify at trial, but her written records were

introduced into evidence.[1] Those records reflect the bleeding was "controlled" but "steri-strips" should be applied. Steri-strips are similar to band-aids and are used to not only cover a wound (like a band-aid) but also to hold the skin together to promote healing. After Nurse Weiberg left and as he was being moved to another cell, Plaintiff again declared a medical emergency. Once in the new cell, Plaintiff applied pressure to the cut with a t-shirt and the bleeding stopped within two hours. A few hours after the incident Plaintiff was interviewed about the altercation; it was noted that his cut was no longer bleeding.

Defendants filed a Motion for Judgment as a Matter of Law at the close of all the evidence, which was denied. Defendants renewed their motion within the time allotted by the Court's June 5, 2006, Order. In light of the jury's inability to reach a verdict, the Court now has two options: order a new trial or direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b)(2). Judgment as a matter of law may be entered if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." Fed. R. Civ. P. 50(a)(1). "In making this determination, the court must draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." Phillips v. Collings, 256 F.3d 843, 847 (8th Cir. 2001).

"To establish deliberate indifference, a prisoner must prove he had objectively serious medical needs and the official actually knew of but deliberately disregarded those needs." Meloy v. Bachmeier, 302 F.3d 845, 848-49 (8th Cir. 2002); see also Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002). Plaintiff has failed to establish either that (1) his medical needs were serious or (2) Defendants were deliberately indifferent to those needs.

First, Plaintiff's injuries were not severe enough to qualify as serious. Plaintiff was not in danger of serious medical harm, id. at 564, and the cut on his head did not pose an excessive risk to his health. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir.

---

[1] Plaintiff offered his testimony that Nurse Weiberg told him he required stitches. The problem is this testimony constitutes hearsay and there is no exception permitting their introduction or consideration.

2

1997). The need for further treatment was not obvious to the layperson or supported by medical diagnoses, Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997); viewed in the light most favorable to Plaintiff, Defendants knew Plaintiff had a small cut that bled for a while and then stopped. There is no indication visual inspection of the one-centimeter wound would have provided Defendants with additional information, there is no indication Defendants knew Nurse Weiberg indicated steri-strips should be applied, and the need for steri-strips does not suggest a serious need for medical treatment exists. Plaintiff did not suffer any long-lasting injury or detriment: viewed in the light most favorable to Plaintiff, the evidence establishes he suffered a small, minor cut on his head.

Even if Plaintiff had a serious need for treatment, the record would not permit a finding these defendants were deliberately indifferent. "Deliberate indifference may be manifested by . . . prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." Meloy, 302 F.3d at 849. Plaintiff's declaration of a medical emergency does not trigger a requirement for action under the Constitution unless there is a serious medical need. There is no evidence Nurse Weiberg issued any directives to Defendants that were subsequently ignored; at best, the evidence demonstrates Nurse Weiberg wrote in Plaintiff's record that steri-strips should be applied. However, there is no evidence Defendants were aware what she wrote, so they could not be indifferent to her instructions.

When viewed in the light most favorable to Plaintiff, the facts would not support a verdict in his favor. Judgment as a matter of law is entered in favor of Defendants.

IT IS SO ORDERED.

DATE: October 2, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT